STATE OF OHIO, Plaintiff-Appellant,

v.

PETERSON, LOWRY, RALL, BARBER & ROSS, et al., Defendants-Appellees.

No. 77–1374.

United States Court of Appeals,
Tenth Circuit.

Submitted Aug. 9, 1978.
Decided Oct. 18, 1978.
Rehearing Denied Nov. 7, 1978.

J. Vernon Patrick, Jr., Birmingham, Ala. (Richard North Patterson, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., Eugene F. McShane, Chief, Sp. Litigation Section, Columbus, Ohio, Harry L. Hobson, Luke J. Danielson and Miles M. Gersh, Holland &

Hart, Denver, Colo., on brief), for plaintiff-appellant.

Robert H. Wheeler, Chicago, Ill. (Donald J. McLachlan, Thomas G. Ryan, Chicago, Ill., of counsel: Isham, Lincoln & Beale, Chicago, Ill., and Jeffrey A. Hyman, Denver, Colo., on brief), for all defendants-appellants except Timothy G. Lowry.

Raymond J. Connell, Denver, Colo. (Donald M. Haskell and Gerald M. Miller, Chicago, Ill., of counsel: Haskell & Perrin, Chicago, Ill., and Yegge, Hall & Evans, Denver, Colo., on brief), for defendant-appellee, Timothy G. Lowry.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal by the plaintiff from an order of the trial court granting the defendants' motions to dismiss for failure to state a claim and entering judgment dismissing the cause of action. The basis for the trial court's action was that the applicable statute of limitations barred the action. The plaintiff now appeals the dismissal order. We reverse.

On October 7, 1976, the State of Ohio brought an action in the United States District Court for the District of Colorado against a Chicago, Illinois law firm and the individual members thereof, that firm being outside counsel for King Resources Company. Ohio alleged in its complaint that on April 17, 1970, it purchased a promissory note of King Resources Company in the amount of $3,000,000, and that on May 1, 1970, it purchased a second promissory note in the amount of $5,000,000 of King Resources Company. The gist of the claim was that in connection with Ohio's purchase of these two notes, the defendants had misrepresented the financial standing of King Resources Company, and that Ohio had relied on such representations to its detriment. There were additional allegations that the defendants, or certain of them, had concealed their "violative conduct" to the end that Ohio had not discovered such until

within the year next preceding the filing of the complaint. Jurisdiction was based on Section 22(a) of the Securities Act of 1933, as amended, 15 U.S.C. § 77v(a), Section 27 of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78aa and upon the principles of pendent jurisdiction.

The defendants filed motions to dismiss based on a failure to state a claim upon which relief could be granted. Specifically, the motions to dismiss stated, *inter alia,* that the cause of action was barred by the applicable statute of limitations.* The motion pointed out that Ohio purchased the two promissory notes of King Resources Company in April and May, 1970, and had not brought the present action until October 7, 1976.

The defendants' motions to dismiss were not supported by any affidavits. However, the defendants did file a memorandum brief in support of their motions to dismiss, and attached to such memorandum a copy of a complaint filed by Ohio in the United States District Court for the Southern District of Ohio on April 17, 1972. This complaint pled a cause of action based on Ohio's purchase of the same two promissory notes of King Resources Company which form the basis for the present proceeding. The action in the Southern District of Ohio was against one Crofters and others, and the defendants in the present proceeding were not defendants in the Ohio proceeding.

Pursuant to order of court, the State of Ohio thereafter filed a memorandum in opposition to the motions to dismiss. In its memorandum Ohio stated that it was treating the defendants' motions to dismiss as being just that, i. e., motions to dismiss and not as motions for summary judgment. In resisting the defendants' motion to dismiss, it was Ohio's basic position, as pled in its complaint, that it had not learned of the involvement of the present defendants until the year next preceding the commencement of the present action.

The trial court, acting on the basis of the motions to dismiss and the memoranda in

---

* The trial court applied a 3-year statute of limitations.

support of, and in opposition to, such motions, granted the motions and dismissed the action. In thus acting, the trial court held that the 3-year statute of limitations had run and that there had been no equitable tolling of the statute since "plaintiffs' failure to sue the defendant-partnership in a more timely fashion is due to a clear lack of diligence." In this connection the trial court in its dismissal order made reference to the complaint filed by Ohio in the Southern District of Ohio on April 17, 1972, which, as indicated, had been attached by the defendants in the present proceeding to their memorandum in support of their motions to dismiss. The trial court recognized that such attachment concerned matter "outside the pleadings," but added that Ohio had "responded" to such in its memorandum. It would appear that in reaching the conclusion that the statute of limitations had run, the trial court attached considerable importance to the fact that Ohio, in 1972, had brought suit in connection with the same promissory notes which formed the basis for the present action.

The State of Ohio later filed a timely motion to reconsider, pointing out, *inter alia*, that it had at all times treated the defendants' motions to dismiss as being only that, and it had not understood that they were to be treated as motions for summary judgment. In this latter regard Ohio noted that in dismissing the action the trial court went beyond the allegations in the complaint, and "looked elsewhere" in reaching its conclusion. This motion for reconsideration was denied, and the present appeal followed.

The several motions to dismiss filed by the defendants in the instant case were filed pursuant to Fed.R.Civ.P. 12(b). The specific matter urged as ground for dismissal was that Ohio's complaint failed to state a claim upon which relief could be granted because the action was barred by the statute of limitations. In this connection Rule 12(b) provides, in part, as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Although there is a contrary suggestion by counsel, it is quite apparent to us that the trial court did not ground its order of dismissal on a belief that the complaint, on its face, showed that the claim was barred by the statute of limitations. Indeed the trial court in its order made specific reference to matter "outside the pleadings," and a reading of the dismissal order indicates that the trial judge most definitely did consider such matter in arriving at his finding and conclusion that the plaintiffs had not used due diligence and that the doctrine of equitable tolling was not available. Clearly, then, the trial court, though it did not say so in so many words, was treating the motions to dismiss as motions for summary judgment. In such circumstance there must then be compliance with Rule 56. In this general regard, see 5 Wright and Miller, *Fed.Practice and Procedure*, § 1366, p. 683, where appears the following pertinent comment:

As soon as a motion to dismiss under Rule 12(b)(6) is converted into a motion for summary judgment, the requirements of Rule 56 become operable. It is important that the court give the parties notice of the changed status of the motion and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In this way no one will be taken by surprise by the conversion. Once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law.

For Tenth Circuit cases in accord with the general rule set forth immediately above, see, for example, *Adams v. Campbell*

County School District, 483 F.2d 1351, 1353 (10th Cir. 1973) and *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965). In the *Miller* case, at p. 893, appears the following comment:

> Under Rule 12(b), F.R.Civ.P., a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule. But, if the affirmative defense is based upon matters outside the complaint, and is raised by a motion under Rule 12(b), then the court must consider the motion as one for summary judgment under Rule 56 in order to consider evidentiary matters outside the complaint. And, then, only if there is no genuine issue of fact as to the affirmative defense, can the court sustain the motion to dismiss.

The ultimate question in the instant case is whether the trial court complied with the requirements of Rule 56 concerning summary judgments. We conclude that there was no such compliance, and it is on this basis that we reverse.

Where, as here, a trial court has under consideration a motion to dismiss for failure to state a claim based on a statute of limitations, and there is matter outside the complaint which is presented to the court and not excluded, and in fact is to be taken into consideration by the court, the motion is to be deemed as a motion for summary judgment. In such circumstance the trial court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56. In this regard we do not deem mere argument contained in a memorandum in opposition to a motion to dismiss, such as Ohio filed in the instant case, to be the same as "material made pertinent" by a motion for summary judgment. The material made pertinent by Rule 56 includes such things as depositions, answers to interrogatories, admissions on file, affidavits,

and the like. As above indicated, in the instant case there was no compliance with Rule 12(b) and Rule 56, and for that reason we must reverse. As we stated in *Adams v. Campbell County School District,* 483 F.2d 1351, 1353 (10th Cir. 1973), to treat a motion to dismiss as a motion for summary judgment without permitting the adverse party an opportunity to present pertinent material is error.

By resolving the present controversy on a procedural basis we do not wish to be understood as indicating either that the case can, or cannot, be finally determined after there has been compliance with Rule 56. In *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 494 F.2d 168, 171 (10th Cir. 1974) we recognized that cases involving defenses hinging on applicable statutes of limitations on occasion do lend themselves to summary judgment. At the same time we also noted that a trial court should not grant summary judgment for a defendant if there is a "viable issue of fact" as to when the limitations period began. Whether in the instant case there remains a viable issue of fact after there has been a compliance with Rule 56 depends on the material which is presented to the trial court by the parties.

Judgment reversed and case remanded with direction that Ohio's action be reinstated, further proceedings to be consonant with the views herein expressed.