Randol NICHOLS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV 84–1810 BB.

United States District Court, D. New Mexico.

July 17, 1985.

---

David Duhigg, Duhigg & Cronin, Leon J. Thomas, Albuquerque, N.M., for plaintiff.

William L. Lutz, U.S. Atty., James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

BALDOCK, District Judge.

This matter comes on for consideration of defendant's Motion to Dismiss, filed March 21, 1985. The court, having considered the memoranda submitted by the parties, the oral arguments of counsel, the relevant law, and otherwise being advised fully in the premises, finds that the motion is well taken and should be granted.

This action was brought by the plaintiff pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The Act waives sovereign immunity only for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ...." 28 U.S.C. § 1346(b). Plaintiff, a security guard for Teledyne Economic Development Company, was bitten by Gerald L. Lopez, a Job Corps enrollee, at the Albuquerque, New Mexico, Job Corps Center. Mr. Lopez was at the Job Corps Center in an intoxicated condition and was being escorted to an isolation area in handcuffs by plaintiff when the incident occurred.

Mr. Lopez, as a Job Corps enrollee, is considered a federal employee for purposes of the Federal Tort Claims Act. 29 U.S.C. § 1706(a)(3). Because the alleged tort occurred in New Mexico, whether Mr. Lopez was acting within the scope of his employment is determined by the law of New Mexico. *Williams v. U.S.*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) (per curiam). In New Mexico, an act of an employee is within the scope of his employment if:

1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and

2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

N.M.U.J.I.Civ. 4.7. Scope of Employment Definition; *Samedan Oil Co. v. Neeld*, 91 N.M. 599, 603, 577 P.2d 1245 (1978). The purpose of Job Corps and, consequently, the governmental employer's business, is "to assist young individuals who need and can benefit from an unusually intensive program, operated in a group setting, to become more responsible, employable, and productive citizens; and to do so in a way that contributes, where feasible, to the development of national, State, and community resources, and to the development and dissemination of techniques for working with the disadvantaged that can be widely utilized by public and private institutions and agencies." 29 U.S.C. § 1691.

As already noted, Mr. Lopez was intoxicated, was handcuffed, and was being led to an isolation area. Being in an intoxicated condition and requiring isolation certainly cannot be considered in furtherance of the purposes of the Job Corps Act. The unfortunate event that led to the amputation of plaintiff's finger, therefore, does not fall within the federal government's waiver of sovereign immunity. Defendant's motion will be granted. An order will be entered accordingly.