**Randol NICHOLS, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 85–2234.

United States Court of Appeals,
Tenth Circuit.

July 18, 1986.

Catherine Gordon of Duhigg, Cronin & Spring, Albuquerque, N.M., for plaintiff-appellant.

William L. Lutz, U.S. Atty., and James D. Tierney, Asst. U.S. Atty., Albuquerque, N.M., and Noah Connell, of counsel, Washington, D.C., for defendant-appellee.

Before McKAY, MOORE, and ANDERSON, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is thereby submitted without oral argument.

In this action under the Federal Torts Claim Act, the plaintiff appeals the district court's judgment granting the government's motion to dismiss for failure to state a claim upon which relief can be granted. We reverse and remand because the government failed to establish the material facts were not in dispute.

## I.

Randol Nichols was employed as a security guard by Teledyne Economic Development Company (Teledyne), which contracts with the United States Department of Labor to operate the Job Corps Center in Albuquerque, New Mexico. The record on appeal indicates that on March 15, 1983, Nichols answered a summons to transport a Job Corps enrollee, Gerald Lopez, to the isolation area of the center. While Lopez was being escorted to isolation, he bit Nichols' right middle finger. After several operations, the finger was amputated.

Nichols filed a complaint against the United States pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346(b).[1] The complaint alleges that Lopez "negligently bit the right middle finger of the Plaintiff ... and otherwise failed to act prudently under the circumstances." The government raised several defenses, including failure to state a claim for relief, lack of subject matter jurisdiction,[2] and the New Mexico Workmen's Compensation Act, N.M.Stat.Ann. § 52–1–9 (1978), provided an exclusive remedy.

The government filed a motion to dismiss on March 21, 1985. In support of its motion, the government submitted a photocopy of the contract between Teledyne and the Department of Labor. On April 2, 1985, Nichols filed an affidavit in response to the government's motion, in which he elaborated on the circumstances of the injury. In his affidavit, Nichols stated:

I handcuffed Gerald Lopez and we were walking up the stairs to ... [isolation].

Mr. Lopez stumbled, and my right hand accidentally came across Mr. Lopez' mouth, and he accidentally bit the middle finger of my right hand.

. . . .

I believe Mr. Lopez was drunk at the time of this incident and he did not have the capacity to form the intent to purposely injure me.

There was no prior personal animosity between Mr. Lopez and me.

In reply, the government reiterated its arguments that the court lacked subject mat-

---

1. The statute provides in pertinent part:

    [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2. The government's arguments under Fed.R. Civ.P. 12(b)(1) included: Lopez was not an employee of the government acting within the scope of his employment as defined in 28 U.S.C. § 2671; the claim is barred by the assault and battery exception of 28 U.S.C. § 2680(h); and the complaint does not comply with 28 U.S.C. § 1346(b).

ter jurisdiction over the case and that Nichols had failed to state a claim for relief.

On July 18, 1985, the district court granted the government's motion to dismiss. The court held, as a matter of New Mexico law, Lopez's conduct in "[b]eing in an intoxicated condition and requiring isolation ... cannot be considered in furtherance of the purposes of the Job Corps Act"; therefore, Lopez was not acting within the scope of his employment. *Nichols v. United States,* 612 F.Supp. 1194, 1195 (D.N.M. 1985). In this appeal, Nichols argues that the district court converted the motion to dismiss under Fed.R.Civ.P. 12(b)(6) into a motion for summary judgment without the requisite notice to the parties and without adhering to the evidentiary standards and burdens of proof required by Fed.R.Civ.P. 56.

## II.

Where a party has moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and matters outside of the pleadings have been presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment and dispose of it as provided by Rule 56. Fed.R.Civ.P. 12(b); *Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 585 F.2d 454 (10th Cir.1978).

■ In cases where the district court intends to convert the motion, the court "should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Peterson,* 585 F.2d at 457. However, failure to give notice is not reversible error if a party does not attempt to exclude the supporting documents, but files

its own sworn affidavits in response. *See Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir.1975). Where a party has responded in kind to the movant's attempt to convert the motion, that party cannot later claim unfair surprise. *Id.*

■ The district court in this case did not exclude the documents and affidavits submitted by both parties but incorporated facts which were not alleged in the pleadings into its order dismissing the case. Therefore, the court converted the motion to dismiss into a motion for summary judgment. Although the court did not give notice to the parties of its intent to convert the motion under Rule 12(b), Nichols did not object to the submission of the Department of Labor contract and, in fact, submitted an affidavit in support of his claim. On appeal, Nichols cannot complain of unfair surprise since he responded with "material made pertinent by Rule 56." *Peterson,* 585 F.2d at 457. Accordingly, we hold that the district court did not err in converting the motion and considering documents outside of the pleadings.[3]

## III.

■ Although the district court opinion disposes of the action as a motion to dismiss, we must review the record under summary judgment standards since the order makes reference to documents outside of the pleadings. *Owens v. Rush,* 654 F.2d 1370, 1377 at n. 9 (10th Cir.1981); *Carter,* 405 U.S. at 671, 92 S.Ct. at 1234. Therefore, the district court's ruling should be affirmed if it is clear from the record on appeal that there are no genuine issues of fact to be tried and the movant is entitled to judgment as a matter of law. *Bee v. Greaves,* 744 F.2d 1387 (10th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). Once the motion has been converted, statements in the

---

**3.** Nichols argues that the government's exhibit which was attached to its motion to dismiss was not sworn or certified and therefore not admissible under Rule 56. However, in his response to the motion to dismiss, Nichols failed to object to the photocopy. Moreover, the district court's ruling was not premised on the government's document, but rather on the plaintiff's affidavit, which did conform to Rule 56 standards.

pleadings cannot create a factual dispute when the movant has produced affidavits which contain factual allegations contrary to the pleadings and which establish its entitlement to judgment as a matter of law. *Review 71 v. Alloys Unlimited, Inc.*, 450 F.2d 482 (10th Cir.1971). However, if the movant fails to carry its burden under Rule 56 and its documents do not establish the absence of a genuine issue of fact, summary judgment must be denied, even if no opposing evidentiary matter is presented. *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373 (10th Cir.1980). *See also Riggs v. British Commonwealth Corp.*, 459 F.2d 449 (10th Cir.1972).

■■■ Under New Mexico law, the definition of "scope of employment" is variable.[4] *Tinely v. Davis*, 94 N.M. 296, 609 P.2d 1252 (Ct.App.1980). Whether an employee's conduct is within the course and scope of his employment is a question of fact. *Gonzales v. Southwest Security and Protection Agency, Inc.*, 100 N.M. 54, 665 P.2d 810 (Ct.App.1983). To facilitate this "difficult and hazardous" analysis, *Tinley*, 94 N.M. 296, 609 P.2d at 1253, the courts have adopted the following test of whether conduct was within the course of employment:

> [A]n act is within the "course of employment" if (1) it be something fairly and naturally incident to the business, and if (2) it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill advisedly, with a view to further the master's interest, or from some impulse of emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*Gonzales*, 665 P.2d at 811 (quoting *Miera v. George*, 55 N.M. 535, 237 P.2d 102 (1951)).

■■ It is not enough for the employer to establish that the employee's conduct was unauthorized. *Hansen v. Skate Ranch, Inc.*, 97 N.M. 486, 641 P.2d 517 (Ct.App. 1982). "A servant usually is not employed to be negligent, but this does not mean that a negligent act is outside the scope of his employment." *Id.*, 97 N.M. 486, 641 P.2d at 521 (quoting *White Auto Stores v. Reyes*, 223 F.2d 298 (10th Cir.1955)). To escape liability an employer must show that when the wrongful act was committed, the employee had "abandoned his employment and was acting for a purpose of his own which was not incident to his employment." *Hansen*, 97 N.M. 486, 641 P.2d at 521. This factual analysis has also been applied to allegations of intentional torts. *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968) (ranchhand intentionally shot plaintiff).

In cases where summary judgment for the employer has been affirmed, the New Mexico courts have carefully scrutinized the relationship between the employee's job and the act which harmed the plaintiff. For example, in *Tinley* the court affirmed a summary judgment for the employer only after carefully reviewing evidence of the investigative work the employee was engaged in when he allegedly defamed the plaintiff. The court concluded the employer adequately established that the investigation had officially ended ten days prior to the meeting where the statements were made, and the employee was acting on the advice of his personal attorney. Because the plaintiff failed to rebut the employer's proof that the defamation was not made in the context of the employee's investigative function, summary judgment was proper. *Tinley*, 94 N.M. 296, 609 P.2d at 1255.

---

**4.** As a Job Corps enrollee, Lopez is considered a federal employee for purposes of the Federal Torts Claim Act. 29 U.S.C. § 1706(a)(3). Whether he was "acting within the scope of his office or employment" at the time his act caused injury to Nichols is determined by reference to the respondeat superior law of the state in which the accident occurred. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *United States v. Hainline*, 315 F.2d 153 (10th Cir.), *cert. denied*, 375 U.S. 895, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963).

Our review of New Mexico law on respondeat superior leads us to conclude that the government has not carried its burden of establishing that Lopez was not within the scope of his employment when the injury to Nichols occurred. The record on appeal is devoid of information about what Lopez was doing when he was ordered to the isolation area. Therefore, because the government did not offer any evidence of the nature of Lopez's authorized employment, we can only *speculate* that his intoxicated state was an abandonment of his work. A reiteration of the statutory purpose of the Job Corps does not provide a foundation for the careful factual analysis undertaken in *Tinley, Hansen,* and *Gonzales.* By relying exclusively on allegations of unruly behavior and without inquiring into the actual nature of Lopez's responsibilities, the trial court erred in determining that, as a matter of law, Lopez was acting outside of his scope of employment.

We hold the government failed to proffer evidence to establish that there is no genuine issue of fact relating to the scope of employment issue and that it is entitled to judgment as a matter of law. Accordingly, the district court erred in dismissing the plaintiff's action on the limited facts in this record.

#### IV.

Finally, the government argues that this court should affirm the district court's order because Nichols' claim is barred by the statutory assault and battery exception to the Federal Torts Claim Act[5] and the state worker's compensation laws provide an exclusive remedy. On the state of the record before us, we decline to reach these issues and remand for further proceedings.

The government's arguments challenge the jurisdiction of the district court to hear the plaintiff's claims. *Wine v. United States,* 705 F.2d 366 (10th Cir.1983). Motions to dismiss for lack of subject matter jurisdiction are brought under Rule

12(b)(1). However, because "the defenses enumerated in Rule 12(b)(1) . . . generally are not proper subjects for motions for summary judgment," Rule 12(b) does not authorize conversion whenever matters outside the pleadings are accepted by the court. 5 Wright & Miller, *Federal Practice and Procedure* § 1366 (Supp.1986).

Our review must be limited to whether it appears from the pleadings that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Owens v. Rush,* 654 F.2d 1370 (10th Cir.1981). Nichols alleges that Lopez "negligently bit" Nichols' finger and "otherwise failed to act prudently under the circumstances." On the basis of these allegations alone, we are not prepared to hold that Nichols' claim is barred by the assault and battery exception to the Federal Torts Claim Act. We also are not inclined to affirm the motion to dismiss on worker's compensation grounds on the strength of the allegations that Teledyne was a private contractor.

Accordingly, we reverse the district court judgment granting the motion to dismiss on state law grounds and remand for further proceedings.