DOYLE SPRINGS v. BRAUM'S
2022 OK CIV APP 11
Case Number: 119982
Decided: 03/23/2022
Mandate Issued: 04/20/2022
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2022 OK CIV APP 11, __ P.3d __

 
DOYLE SPRINGS, Plaintiff/Appellant,
v.
BRAUM'S INC., a domestic corporation, and WHB COMPANY, INC., a domestic corporation d/b/a Braum's, Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA
HONORABLE MICHAEL TUPPER, TRIAL JUDGE
AFFIRMED AS MODIFIED
Robert W. Haiges, HCA LEGAL GROUP, PLLC, Edmond, Oklahoma, for Plaintiff/Appellant
David B. Donchin, Katherine T. Loy, Lauren N. Lenahan, DURBIN, LARIMORE & BIALICK, Oklahoma City, Oklahoma, for Defendants/Appellees
DEBORAH B. BARNES, PRESIDING JUDGE:
¶1 Doyle Springs (Plaintiff) appeals from the district court's order granting the motion to dismiss of Braum's Inc. and WHB Company, Inc. (Defendants). The primary question presented on appeal is whether Plaintiff's electronically filed petition submitted after 5:00 p.m. should be deemed submitted the next business day. We conclude the district court properly answered this question in the affirmative. Although the district court's order states the case is dismissed with prejudice, the district court, in relying upon and incorporating into its order material derived from a document outside the four corners of the petition, effectively converted the motion to dismiss into a motion for summary judgment. Therefore, we modify the district court's order to reflect this conversion, but otherwise affirm.
BACKGROUND
¶2 Plaintiff alleges that on February 1, 2019, while a customer on premises owned and operated by Defendants, he fell and was injured as a result of the failure of Defendants to, among other things, maintain their premises in a reasonably safe condition. Plaintiff set forth these allegations in a petition that the parties agree was "processed and date-stamped on February 2, 2021," more than two years after the incident.
¶3 Defendants subsequently filed a motion to dismiss "pursuant to (B)(6)[.]" Defendants assert the petition is barred by a two-year statute of limitations.
¶4 In his response to Defendants' motion to dismiss, Plaintiff acknowledges that because the incident occurred on February 1, 2019, he "was required [under the applicable two-year statute of limitations] to file a Petition no later than February 1, 2021," and he similarly acknowledges that if his petition was filed "on February 2, 2021, [then this constitutes] a clear violation of the applicable statute of limitations[.]" However, Plaintiff asserts his petition was timely filed. Plaintiff asserts the Cleveland County Court Clerk began accepting the filing of "documents by electronic means" -- in particular, via email -- in March 2020 as a result of the COVID-19 pandemic, and he asserts submissions (including his own) were still being accepted via email in February 2021. Plaintiff asserts he emailed his petition "to the Court Clerk's office at 10:32 p.m. on February 1, 2021, a date and time that is within the statute of limitations."
¶5 Although Plaintiff acknowledges his "case filing" was not "processed" until the following day because "the Court Clerk's office was not staffed at 10:32 p.m.," he asserts "[t]he date of filing is the date on which the Petition and Civil Cover Sheet is received in the Clerk's office." Plaintiff asserts the "[Court Clerk's] office has not published any rule to the contrary," and "[t]he guidelines for electronic filing published by the Oklahoma Supreme Court do not say otherwise." Plaintiff further asserts, "The Federal Electronic Filing system" should provide "guidance on this matter," and that system "permits the filing of all documents until 11:59 p.m. on the day [a document] is received in the court clerk's office" -- "[t]he day it is processed by an actual clerk is irrelevant to the date of filing." Plaintiff states, "This Court should emulate the rules of the Federal Courts and hold that all documents emailed prior to 11:59 p.m. on a particular date are deemed filed as of that date." Plaintiff asserts that to hold otherwise would be tantamount to "imposing a rule that neither the Cleveland County Court Clerk's office nor the Supreme Court of Oklahoma has imposed or even addressed."
¶6 In their reply, Defendants do not dispute Plaintiff emailed his petition at 10:32 p.m. on February 1, 2021; however, they emphasize that this electronic submission occurred more than five-and-a-half hours "after the regularly scheduled closing time of the Cleveland County Court Clerk on February 1, 2021. Accordingly, Plaintiff's Petition was not file received by the Cleveland County Court Clerk, file-stamped, or paid for until February 2, 2021." Defendants also take issue with Plaintiff's assertion that the Oklahoma Supreme Court has never addressed this issue. Defendants state that the "Oklahoma Supreme Court has addressed the issue of e-filing and the timing of the same in Oklahoma Rules for E-filing in Selected Pilot Courts," which Defendants also refer to as SCAD-2012-36. Defendants assert that "according to Oklahoma Rules for E-filing for Selected Pilot Courts, the Petition was not submitted on February 1, 2021, but February 2, 2021. Accordingly, the Pleading was not deemed filed until February 2, 2021[.]"
¶7 Defendants further point out in their reply that although, as a result of the COVID-19 pandemic, the Cleveland County Court Clerk's office closed in March 2020 for in-person filing for non-emergency matters, an amended order was issued in April 2020 lifting these restrictions. As stated by Defendants, at least by June 12, 2020 -- more than seven months before the filing at issue in this case -- "normal operations ensued." Moreover, Defendants assert that "[n]o further orders make any mention of specific restrictions or even mention the ability to file electronically." Defendants assert:
Plaintiff had ample opportunity to file his Petition in person. There were no restrictions made on the Court Clerk's office on the day in which the Petition was emailed for filing. As there was no reason for delay, Plaintiff's Petition was untimely, and therefore should be dismissed as a matter of law.
¶8 Finally, Defendants cite to (A)(1), asserting that the statutory provision's reference to "the regularly scheduled closing time" "suggests filings must be made within the hours of operation of the court clerk to be considered timely."
¶9 In its order filed in October 2021, the district court granted the motion to dismiss. The court stated that the "Cleveland County Court Clerk was fully open and operational on the days in question during its regularly scheduled hours with few to no COVID-19 restrictions." The court also cited to the Oklahoma Supreme Court's order pertaining to E-filing cited by Defendants, and noted that pursuant to the language in that order, Plaintiff's petition could not be deemed filed until February 2, 2021. The court also cited to § 2006(A)(1) in support of its order of dismissal.
¶10 From the district court's order granting Defendants' motion to dismiss, Plaintiff appeals.
STANDARD OF REVIEW
¶11 Title (B) provides, in part, as follows:
If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment.
Although the district court's order states "the Motion to Dismiss is granted" and "[t]his case is dismissed with prejudice to refiling," the court relied upon and incorporated into its order material derived from an exhibit outside the four corners of the petition. In particular, the court took into account the timing of the electronic submission of the petition reflected in a purported copy of Plaintiff's email to the court clerk attached to Plaintiff's response to the motion to dismiss. Although Defendants, in their reply, do not dispute that Plaintiff emailed the petition to the court clerk at the time reflected in the email, the email, nevertheless, does not fall within an exception to the rule that "a motion to dismiss for failure to state a claim upon which relief may be granted, as provided by [§ 2012(B)(6)], is to be treated as a motion for summary judgment when matters outside of the pleadings are presented in support of the motion and those extra-pled matters are not excluded by the trial court when the motion is considered." State ex rel. Wright v. Okla. Corp. Comm'n, , ¶ 48, (citations omitted). See also Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth., , ¶ 3, , cert. denied ("Where, as here, evidentiary materials are attached to a section 2012(B)(6) motion or response, a court must convert the motion into one for summary judgment." (emphasis added) (citation omitted)).
¶12 The exceptions are: (1) incorporation by reference, codified in (C), and (2) judicial notice of adjudicative facts, codified in . Because the email is not "an integral part of the pleading[]," and was neither "attached to [the petition] as an exhibit" nor incorporated in it by reference, Gaylord Ent. Co., , ¶ 4 n.10, the § 2010(C) exception does not apply. Cf. Tucker v. Cochran Firm-Crim. Def. Birmingham L.L.C., , ¶ 30, ("When a defendant files a § 2012(B)(6) motion with an incorporated exhibit which is relied on by plaintiff in the petition, or is integral to plaintiff's petition, the motion is not converted into one for summary judgment." (footnote omitted) (emphasis in original)).
¶13 Moreover, we are unable to conclude the time of submission set forth in the copy of the email -- submitted via "Gmail" -- is a fact "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," § 2202(B)(2), nor is there any indication it is a fact "[g]enerally known within the territorial jurisdiction of the trial court," § 2202(B)(1). The time of submission set forth in the email is not reflected elsewhere in the record, nor is it reflected on the docket sheet. Simply stated, we are unable to conclude that the fact in question -- supported as it is merely by the date and time set forth on a copy of a private email -- is not subject to reasonable dispute, regardless of Defendants' subsequent decision to not dispute the asserted fact in their reply. Cf. Farley, , ¶ 13 ("A Rule 12(b)(6) motion may raise a res judicata affirmative defense using facts known by judicial notice without requiring the defense to be raised by answer or converting the motion to summary judgment." (footnote omitted)).
¶14 Because neither exception applies here, the district court, in relying on material outside the four corners of the petition, must be deemed to have converted the motion to dismiss into a motion for summary judgment, and we must apply the summary judgment standard of review.
When a district court does this, it must provide the parties with notice so that all factual allegations may be met with countervailing evidence. However, if a party is not prejudiced by the conversion, the court of appeals should proceed with the appeal, relying upon summary judgment standards, without remanding. 
Burnham v. Humphrey Hosp. Reit Tr., Inc., 403 F.3d 709, 713 (10th Cir. 2005). See also Nkemakolam v. St. John's Mil. Sch., 876 F. SupP.2d 1240, 1244 (D. Kan. 2012) ("If neither party is prejudiced, a court may convert a motion to dismiss to a motion for summary judgment without further notice or opportunity for additional briefing."). Plaintiff cannot claim that the absence of notice of the conversion prejudiced him because the exhibit in question was filed by Plaintiff as an attachment to his own response. Accord Lamb, 391 F.3d at 1137 n.3 (10th Cir. 2004) ("The district court did not give notice of its intent to convert [the defendant's] Rule 12(b)(6) motion, but [the plaintiff] does not and cannot claim that the absence of notice prejudiced him" because he "not only failed to object to the exhibits attached to [the defendant's] motion to dismiss, but [he] also filed his own exhibits in response."). Moreover, the fact in question is not disputed and no further opportunity is needed to present material on the timing of the submission of the petition. See § 2012(B) ("[A]ll parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment.").
¶15 Turning to the standard applicable to summary judgment, "[w]hether summary judgment was properly entered is a question of law which we review de novo." Payne v. Kerns, , ¶ 10, (citation omitted). "In a de novo review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact." Id. (citation omitted). See also Pan v. Bane, , ¶ 5, ("Resolution of this question involves the interpretation and application of a statute to undisputed facts, which is a question of law that we review de novo." (citation omitted)).
ANALYSIS
¶16 Consistent with certain emergency orders issued by the Oklahoma Supreme Court in 2020, the Cleveland County District Court adopted "guidelines" in an Administrative Order issued in March 2020. That Administrative Order provides, in part, as follows: "All non-emergency pleadings shall be deferred or made electronically through the Cleveland County Court Clerk. Matters may be filed electronically by submitting the same to the Cleveland County Court Clerk at: clevelandpleadings@oscn.net. The matter submitted will be filed . . . ." The Administrative Order was modified by the Cleveland County District Court in an Amended Order filed in April 2020 such that non-emergency filings could once again be made in-person; however, such filings could also continue to be made electronically.
¶17 The Official Court Rules of the Twenty-First Judicial District (Local Court Rules) do not deal with the subject matter of electronic filing; instead, that subject matter is dealt with in the Administrative Order. Local Court Rule No. 3 provides, in part, as follows:
These rules are intended to preempt any General or Administrative Order currently in effect having the same or substantially similar subject matter as of the effective date of these rules. General or Administrative Orders currently in effect that do not deal with the same or substantially similar subject matters remain in full force and effect.
(Emphasis added.) Moreover, Local Court Rule No. 1 provides:
Compliance with all statutes including but not limited to Rules for District Courts of Oklahoma . . . shall be mandatory. The Rules for the District Courts of Oklahoma . . . shall guide any matter of practice or procedure not specifically included in the following rules. The Rules for the Twenty-First Judicial Districts . . . are in addition to and supplemental to the Rules for the District Courts and all other applicable statutes.
¶18 As set forth in Local Court Rule No. 3, the above-described guidelines in the Administrative Order for the filing of electronic submissions in the District Court of Cleveland County "remain in full force and effect." However, the Administrative Order is silent regarding the issue of the date of filing of electronic submissions, which, unlike in-person filings, can be electronically submitted at any time. Because, as set forth in the Local Court Rules, "[t]he Rules for the District Courts of Oklahoma . . . shall guide any matter of practice or procedure not specifically included" in the Court Rules (or in General or Administrative Orders "in full force and effect") of the Twenty-First Judicial District, we are guided by Rule 2.1 of the Rules for the District Courts of Oklahoma, 12 O.S. Supp. 2013, ch. 2, app., which provides, in part, as follows:
a. Electronic Filing. Whenever these rules require a pleading, motion, document, or other instrument to be filed or delivered to the court clerk, such requirement may be satisfied by electronic filing as authorized by the Rules for Electronic Filing in the Oklahoma Courts, and any other applicable statute or court rule. Whenever these rules reference the "Rules for Electronic Filing in the Oklahoma Courts," such reference shall mean the "Oklahoma Rules for E-Filing in Selected Pilot Courts" (See Supreme Court Administrative Directive No. SCAD-2012-36, RE Rules for Electronic Filing in the Oklahoma Courts Selected as Pilot Courts, ) and any subsequent versions of those rules as the Supreme Court may approve from time to time.
b. Electronic Service. Whenever these rules require a pleading, motion, document or other instrument to be served, mailed, transmitted, or issued, such requirement may be satisfied by electronic methods as authorized by the Rules for Electronic Filing in the Oklahoma Courts, and any other applicable statute or court rule. As used in these rules, the term "mail" "mailing" or "mailed" shall include transmission by electronic mail, when authorized by the Rules for Electronic Filing in the Oklahoma Courts, and any other applicable statute or court rule.
¶19 The Rules for Electronic Filing in the Oklahoma Courts referenced in District Court Rule 2.1 are the same rules referenced by Defendants as well as by the district court in its order. In In re Rules for Electronic Filing in Oklahoma Courts Selected as Pilot Courts, (SCAD-2012-36), the Oklahoma Supreme Court set forth the following under Rule 5 "for the electronic filing of Documents, cases, proceedings, and original actions in the courts of Oklahoma":
b. When an E-Filed Document Is Deemed Filed.
1. District Courts, Court of Civil Appeals, and Oklahoma Supreme Court. A Document may be submitted through the OUCMS at any time of day, but any E-Document submitted after 5 p.m. will be deemed submitted the next business day. When the E-Document is accepted by the court clerk, it shall be deemed filed on the date and time the E-Document, along with any E-Filed attachments, was submitted to the OUCMS. The confirmation receipt of submission and the confirmation receipt of acceptance shall serve as proof of the filing. Central Time shall be used to determine the filing date and time for purposes of this Rule.
¶20 Although SCAD-2012-36 is intended to "control with respect to those matters filed using the Oklahoma Unified Case Management System (OUCMS)," it also states it "shall supplement but not replace the existing statutes and court rules regulating the practice and procedure [of electronic filing] in the courts of Oklahoma." Because the Administrative Order is silent regarding the issue of the date of filing of electronic submissions, we conclude SCAD-2012-36, which specifically addresses this issue, supplements the rules pertaining to electronic filing adopted by the District Court of Cleveland County.
¶21 Pursuant to the directives in SCAD-2012-36 that an "E-Document submitted after 5 p.m. will be deemed submitted the next business day," and that this date of submission "shall be" the date on which the document is deemed filed, we conclude the district court properly determined that Plaintiff's submission of the petition at 10:32 p.m. on February 1, 2021, must be deemed filed the following business day. Because, as Plaintiff acknowledges, he "was required [under the applicable two-year statute of limitations] to file a Petition no later than February 1, 2021," summary judgment was properly granted to Defendants. Consequently, we affirm as modified.
¶22 AFFIRMED AS MODIFIED.
FISCHER, C.J., and HIXON, J., concur.
FOOTNOTES
 The parties agree (A)(3) applies. Section 95(A)(3) sets forth a two-year statute of limitations for, among other things, "an action for injury to the rights of another, not arising on contract[.]"
 Section 2006(A)(1) provides, in part, as follows:
In computing any period of time prescribed or allowed by this title . . . [t]he last day of the period so computed shall be included, unless it is a legal holiday . . . or any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, in which event the period runs until the end of the next day which is not a legal holiday or a day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time. . . .
 Some cases state that the conversion occurs where "the dismissal motion . . . tenders for consideration materials [outside] the pleadings," Nat'l Diversified Bus. Servs., Inc. v. Corp. Fin. Opportunities, Inc., , ¶ 9, (emphasis added), or where such materials "are presented in support of the motion [to dismiss]," State ex rel. Wright, , ¶ 48 (emphasis added). In the present case, the email was neither attached to the motion to dismiss nor presented in support of the motion to dismiss (presented, as it was, by Plaintiff in support of Plaintiff's objection to the motion to dismiss). However, § 2012(B) provides that conversion must occur whenever "matters outside the pleading are presented to and not excluded by the court" in addressing a § 2012(B)(6) motion.
 Section 2010(C) provides: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." As noted by the Oklahoma Supreme Court, "The text of [Rule 10(c) of the Federal Rules of Civil Procedure] is incorporated verbatim in the Oklahoma pleading code [in § 2010(C)]," and "Federal Rule 10(c) jurisprudence is instructive" in this regard. Gaylord Ent. Co. v. Thompson, , ¶ 4 n.10, .
 Section 2202 provides, in part, as follows:
A. This section governs only judicial notice of adjudicative facts.
B. A judicially noticed adjudicative fact shall not be subject to reasonable dispute in that it is either:

1. Generally known within the territorial jurisdiction of the trial court; or
2. Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
C. A court may take judicial notice, whether requested or not.
D. A court shall take judicial notice if requested by a party and supplied with the necessary information.

This portion of § 2202 is not significantly different from its federal counterpart found in Rule 201(b) of the Federal Rules of Civil Procedure. See Farley v. City of Claremore, , ¶ 13, ("In federal court, judicial notice of fact may occur when the fact is not subject to reasonable dispute and it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' The Oklahoma statute has similar language." (footnotes omitted)). See also Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018) ("There are two exceptions to [the otherwise mandatory conversion] rule: the incorporation-by-reference doctrine, and judicial notice . . . .").
 See also United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." (citations omitted)). Plaintiff did not refer to the document in question, extensively or otherwise, in the petition, and the document does not form the basis of Plaintiff's claim.
 The reason these are the two exceptions is straightforward: "courts must consider the [pleading of the plaintiff] in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007). All other materials are "outside the pleading." (B).
 We note, in addition, that although "[a] motion to dismiss based upon a jurisdictional ground and (B)(1) is not converted to a motion for summary judgment by reliance upon facts not appearing on the face of a plaintiff's petition," Farley, ¶ 12, a statute of limitations defense is not to be viewed as jurisdictional, see Munsingwear, Inc. v. Tullis, , ¶ 6, ("As a limitation acting on the remedy and not the right[, a statute of limitations defense] is not 'jurisdictional' in the common law sense.").
 Similarly, in Lamb v. Rizzo, 391 F.3d 1133 (10th Cir. 2004), the court stated:
[T]he district court resolved [the] motion to dismiss under Fed.R.Civ.P. 12(b)(6). Notwithstanding, the court clearly relied upon and incorporated into its order granting the motion material derived from documents outside the four corners of [the] complaint. In so doing, "the court converted the motion to dismiss into a motion for summary judgment." Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986). We must therefore "review the record under summary judgment standards[.]"
Lamb, 391 F.3d at 1136-37. We note that a fundamental purpose of converting a motion to dismiss into a motion for summary judgment is to ensure that the nonmoving party has notice of the extraneous material and is given the opportunity properly respond; in the following case, that purpose was "largely dissipated":
[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason -- requiring notice so that the party against whom the motion to dismiss is made may respond -- that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.
Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (emphasis added). This necessity is perhaps even more "dissipated" in the present case because the copy of the email in question was not only in Plaintiff's possession and something about which Plaintiff had knowledge, but it was presented by Plaintiff in Plaintiff's response. However, as reflected in the analysis in Cortec, such material must nevertheless fall under one of the exceptions:
Despite the fact that the documents attached to [the defendant's] motion to dismiss were neither public disclosure documents required by law to be filed with the SEC, nor documents actually filed with the SEC, nor attached as exhibits to the complaint or incorporated by reference in it, the district court was entitled to consider them in deciding the motion to dismiss. The stock purchase agreement, [the] offering memorandum, and the warrant were documents plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit. It did not lack notice of those documents; these papers were integral to its complaint. Consequently, . . . [the district court] could have viewed them on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim.
Cortec, 949 F.2d at 48 (emphasis added). Here, the email is not integral to Plaintiff's petition or claim.
 We note that the conversion issue is important not only for purposes of applying the correct standard of review and ensuring a party is not prejudiced, but, also, "[a] motion for summary judgment is a motion for a judgment on the merits[.]" Okla. Sch. Risk Mgmt. Tr. v. McAlester Pub. Sch., , ¶ 14, (footnote omitted).
 See, e.g., First Emergency Joint Order Regarding the Covid-19 State of Disaster, , (In this order filed March 16, 2020, the Supreme Court stated, inter alia, that "[a]ll courts may limit the number of persons who may enter any courtroom, judges' or clerk's office, jury room or any other facility used by the district courts," and "[t]he use of email, fax and drop boxes for acceptance of written materials is encouraged, except that the use of email may not be used for appellate filings at this time."), and Third Emergency Joint Order Regarding the Covid-19 State of Disaster, , (In this order filed April 29, 2020, the Supreme Court stated, inter alia, that although "[t]his order is intended to assist judges and court clerks in all 77 counties with transitioning from shelter in place directives," "[l]ocal practices should continue to be adopted by courts and county and city officials through orders available to the public," "[j]udges and other courthouse personnel shall continue to use all available means to ensure the health of all participants in any court proceeding," "[l]ocal county officials will continue to guide the extent to which county buildings are closed or have restricted access to the public," and "[c]ourt clerks and judges may continue to use mail, email, and drop off boxes for acceptance of written materials and correspondence with parties/counsel."); Fourth Emergency Joint Order Regarding the Covid-19 State of Disaster, , (In this order filed November 23, 2020, the Supreme Court stated, inter alia, that "Judges of the District Courts are authorized to take any and all necessary steps to protect the health and safety of all participants in any court proceeding," that "[d]ecisions should be made on a courthouse by courthouse basis," that "[l]ocal county officials will continue to guide the extent to which county buildings are closed or have restricted access to the public," that "[j]udges and other courthouse personnel shall continue to use all available means to ensure the health of all participants in any court proceeding," and that "[c]ourt clerks and judges may continue to use mail, email, and drop off boxes for acceptance of written materials and correspondence with parties/counsel.").
 The Amended Order provides, in part, as follows:
It is the intention of the Court that the Phase 1 Protocol, as set forth in the [Administrative Order] will be implemented June 1, 2020 and shall remain in effect until and through June 12, 2020, unless otherwise directed or ordered. Upon the expiration of the orders suspending in-person proceedings, normal operations shall ensue.
Defendants assert, and we agree, that by June 12, 2020, and certainly by February 2021, the prohibition on in-person filing of non-emergency matters had been lifted in Cleveland County. Defendants also appear to argue, however, that electronic filings were no longer permitted after June 12, 2020, because "normal operations" were to ensue as set forth in the Amended Order. Moreover, as stated by Defendants, "[n]o further orders make any mention of specific restrictions or even mention the ability to file electronically." However, the fact that the Amended Order makes no mention of the ability to file electronically is consistent with the continuance of that option because the Amended Order states as follows: "All other provisions in the Administrative Orders relating to the Continuity of Operations Plan previously issued which are not specifically modified herein remain in full force and effect." Moreover, it is undisputed that the Cleveland County Court Clerk accepted Plaintiff's electronic submission in the present case. Therefore, to the extent Defendants' are making the argument that Plaintiff was prohibited from submitting the petition electronically, we find this argument unpersuasive.
 The Twenty-First Judicial District is comprised of Cleveland, McClain and Garvin Counties.
 As stated by one source, the "procedures [relating to OUCMS] are not fully developed and judicial sources indicate that their completion and implementation may be suspended for some time." 5 Okla. Prac., Appellate Practice § 14:1 (2022 ed.).
 (Emphasis added.) We note that the Oklahoma Supreme Court Rules similarly provide that, for filings with the Clerk of the Oklahoma Supreme Court, "[a]ny documents which are electronically filed after 5:00 P.M. will be deemed filed the next business day." Okla. Sup. Ct. R. 1.4(b)(2), 12 O.S. Supp. 2018, ch. 15, app. 1. Like District Court Rule 2.1, Supreme Court Rule 1.4 also references the Rules for Electronic Filing in the Oklahoma Courts.
 Accordingly, we must reject Plaintiff's request that we "emulate the rules of the Federal Courts and hold that all documents emailed prior to 11:59 p.m. on a particular date are deemed filed as of that date." Although, in "pioneer[ing] its own electronic filing system," Oklahoma has "apparently borrow[ed] from federal procedures," it has done so "somewhat selectively rather than wholesale." 5 Okla. Prac., Appellate Practice § 14:1. Because the Oklahoma Supreme Court has adopted its own specific rule regarding the date of filing of after-hours electronic submissions, we are unable to emulate the conflicting rule of the federal courts as described by Plaintiff.
 As stated above, the district court's order states the case is dismissed with prejudice, but the district court, in relying upon and incorporating into its order material derived from a document outside the four corners of the petition, effectively converted the motion to dismiss into a motion for summary judgment. Therefore, we modify the district court's order to reflect this conversion, but otherwise affirm.