**In re Robert M. BURKE, Sr., Debtor.**

**Paul E. BERMAN, Trustee Plaintiff,**

v.

**Robert M. BURKE, Sr. & Darlene Burke, Defendants.**

Bankruptcy No. 88–00668–2.
Adv. No. 89–4103–2.

United States Bankruptcy Court,
W.D. Missouri.

May 8, 1989.

**432**

Scott B. Haines, Kansas City, Mo., for debtor/defendants.

Lyndell A. Mason, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for trustee/plaintiff.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Defendant Robert Michael Burke, Sr. filed a voluntary petition for relief under Chapter 13 on February 12, 1988, filed a plan and made one voluntary payment to begin funding the plan. He married defendant Darlene K. Burke in April of 1988. In May of 1988 he received $41,790.00 (net after taxes) from General Motors Corporation for a buyout of his pension plan rights.

He did not tell the Chapter 13 Trustee or the Court that he had received said funds. Apparently he rented a safe deposit box, put the money in same, and then used the funds to buy cashier's checks to disburse same.

The admitted expenditures from said funds were as follows:

$26,900.00 as a downpayment on a house titled in the name of Darlene K. Burke.

$1,570.00 child support payment for support obligations from a prior marriage.

$2,644.69 for purchase of bedroom furniture from Laker Furniture.

$700.00 to Edna Burke (apparently a former wife).

$500.00 to Blue Springs Furniture.

$4,084.39 in 35 miscellaneous checks which seem to be house payments, food bills, insurance premiums, utilities, and the like.

No explanation was offered as to the whereabouts of the other $5,400.92.

Meanwhile the Chapter 13 Trustee filed a Motion To Dismiss for material default in payment under the plan on July 7, 1988. Debtor had made one plan payment in March and nothing further. The Trustee then moved to convert and a hearing was held on September 26, 1988. Counsel for debtor did not contest conversion but consented thereto at the hearing. The case was duly converted and the Chapter 7 Trustee seeks in this adversary action to revoke the discharge granted debtor on February 9, 1989 on the grounds of fraud. The Chapter 7 Trustee's complaint was filed February 15, 1989.

Initially it must be observed that the Discharge of Debtor issued on February 9, 1989, seems to be more the product of the automatic discharge entry sixty days after the 11 U.S.C. § 341 Meeting date by the Clerk's Office than the debtor's fraud. The Chapter 7 Trustee had not filed a final report, was gathering evidence and the case was not ready for closing and no discharge should have been entered. However, it appears that the Chapter 7 Trustee need neither allege nor prove fraud to effect the requested revocation. 11 U.S.C. § 727(e) provides that the trustee ... may

request a revocation of a discharge ... before one year after granting of such discharge ... under § 727(d)(2). The latter section provides for revocation of discharge if the debtor acquired property of the estate ... and knowingly or fraudulently failed to report the acquisition of ... said property.

■ In a Chapter 13 proceeding, property acquired by the debtor becomes property of the estate. *In re Professional Technical Services, Inc.*, 94 B.R. 578, 581 (E.D. Mo.1988), *In re Woodson*, 839 F.2d 610 (9th Cir.1988). Thus, the $41,900.00 that debtor received in May of 1988 became property of the estate and debtor's failure to report same, if done knowingly and fraudulently, provides ample grounds for revocation of discharge. Likewise his failure to turn over same to either the Chapter 13 or Chapter 7 Trustee provides comparable grounds. Debtor claims that none of his acts were done knowingly or fraudulently. He testified that he called the Chapter 13 Trustee's Office twice to get a payoff figure on two separate occasions and was told he did not owe anything for some reason that he did not articulate at all convincingly. On the other hand, the trustee produced the testimony of Mrs. Glenda Lefman, an employee of the Chapter 13 Trustee's Office who had taken the only two telephone calls from the debtor. The Trustee's Office logs a synopsis of all calls on their computer and they become a part of the record and print out from the computer. Mrs. Lefman testified that she talked to Mr. Burke on May 13, 1988, and on May 31, 1988. Both times Mr. Burke wanted to know the total dollar amount to pay off his Chapter 13, and both times she told him that she would not know the total amount until after June 6, 1988, which was the last date for filing claims.

Mrs. Lefman testified there was no computer record of any other telephone calls and debtor never told her of any buyout of his pension fund. Mrs. Lefman's testimony and manner were highly credible and were supported by the computer printout on debtor's file. The Court specifically finds that Mrs. Lefman's testimony was more credible than Mr. Burke's testimony and believes her version of the two telephone calls. The Court, believing that debtor knew of his obligation to report and/or turn over this windfall, concludes that debtor's discharge should be revoked under the provisions of 11 U.S.C. § 727(e) and (d). Debtor's discharge is ORDERED revoked.

Turning now to the second objective of the Trustee's Motion, the Court concludes that the $41,900.00 paid to the defendant by General Motors while he was in Chapter 13 became property of the estate and was subject to Court Order. Debtor has not filed for exemption in any portion thereof. Therefore, there is no reason why debtor should not be ordered to turn over to the Chapter 7 Trustee the personal property identified in the Trustee's Complaint and set out in Paragraph C of the Trustee's prayer for judgment. The Trustee is granted judgment against Robert M. Burke, Sr. for $41,900.00 and possession of the identified items of personal property. Upon surrender of such items, the judgment for $41,900.00 against Robert M. Burke, Sr. shall be credited with the purchase price of each said item surrendered, again as set out in Paragraph C of the Trustee's prayer for judgment.

■ Finally as to the residence commonly known as 2301 Keystone Drive, Blue Springs, Mo. 64015, a somewhat different situation pertains. The title to said real estate is in the name of Darlene K. Burke. The money to purchase same came from the $41,900.00. The transfer into Darlene K. Burke's name was after the filing of the bankruptcy. Mrs. Burke, although represented by counsel and present in Court, offered no evidence of any consideration for the transfer. In fact, the evidence adduced indicated that there was no consideration therefor. Mr. Burke's bankruptcy was a matter of record in the county of said real estate. The Chapter 7 Trustee may avoid the transfer to Mrs. Burke under 11 U.S.C. § 549 since none of the exceptions to avoidance of post petition transfers contained in that section or in 11 U.S. C. § 550 were suggested, much less proved, by either defendant.

The Chapter 7 Trustee is granted judgment against Darlene K. Burke for $26,-900.00. The Chapter 7 Trustee is granted a

lien against the aforesaid real estate for $26,900.00. Upon surrender of the real estate, or payment of $26,900.00, to the Chapter 7 Trustee, the judgment against Darlene K. Burke shall be satisfied and the judgment against Robert M. Burke, Sr. credited by the amount of $26,900.00.

Defendants Robert M. Burke, Sr. and Darlene K. Burke are ORDERED not to transfer, encumber, or otherwise make any disposition of any of the items of personal property or real property covered by this Opinion. The Chapter 7 Trustee may submit a separate judgment form and include therein a legal description of the real estate and an itemization of the personal property.

The foregoing Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.