In re Benny Leigh EDMONDS and Shirley Jeannine Edmonds, Debtors.

LAWRENCE NATIONAL BANK, Plaintiff–Appellant,

v.

Benny Leigh EDMONDS and Shirley Jeannine Edmonds, Defendants–Appellees.

No. 89–3338.

United States Court of Appeals, Tenth Circuit.

Jan. 22, 1991.

Donald E. Bucher (James F. Freeman, III, with him on the brief), of Gould & Moore, Kansas City, Mo., for plaintiff-appellant.

Eugene F. DeShazo of Linde, Thomson, Kansas City, Mo. (Gary H. Hanson and Tom R. Barnes, II of Stumbo, Hanson & Hendricks, Topeka, Kan., on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, and BALDOCK, Circuit Judge and GREENE, District Judge.*

BALDOCK, Circuit Judge.

Plaintiff-appellant Lawrence National Bank (creditor) appeals from the district court's affirmance of a bankruptcy court judgment dismissing its action against defendants-appellees Benny and Shirley Edmonds (debtors) for failure to state a claim and awarding debtors attorney's fees. 110 B.R. 38. We hold that the creditor's complaint stated a claim for relief and that the award of attorney's fees was improper. Consequently, we reverse.

## I.

In May 1984, debtors filed a voluntary chapter 11 bankruptcy petition. *See* 11 U.S.C. §§ 1101–1174. Debtors failed to schedule any interest in E–4 Excavating, Inc. Creditor moved for relief from the automatic stay. Attached to the debtors' response was the 1982 corporate tax return of E–4 Excavating which listed debtors as stockholders. Debtors' bankruptcy subsequently was converted to a chapter 7 proceeding, *see* 11 U.S.C. §§ 701–766; they were granted a discharge in June 1985.

In December 1986, creditor filed a complaint to revoke debtors' discharge pursuant to 11 U.S.C. § 727(d). The complaint alleged:

Lawrence National bank respectfully represents:

1. Plaintiff is a creditor, the holder of a claim against the Estate of the Debtors in the amount of [$322,002].

. . . .

3. The Debtors were granted the discharge in this case by Order dated June 19, 1985.

---

* The Honorable J. Thomas Greene, United States District Judge for the District of Utah, sitting by designation.

4. Such discharge was obtained through fraud of the Debtors, which fraud consisted of the following:

(a) That ... Debtors made false statements under oath to conceal the ownership of assets. In particular, Debtors failed to disclose their ownership of the stock in E–4 Excavating, Inc.

(b) That the Debtors ... failed to reveal in their schedules their ownership of assets with the intent to hinder, delay or defraud a creditor of [sic] officer of the estate charged with custody of the property under this title. In particular, the Debtor, Benny Leigh Edmonds, failed to reveal his ownership of 100 shares of common stock of E–4 Excavating, Inc., doing business as a Kansas corporation.

5. That Plaintiff did not learn of such fraud until after the granting of the discharge herein.

6. That the asset in question was substantial in nature.

. . . .

Rec. vol. 2, doc. 1. Debtors moved to dismiss the complaint on two grounds: 1) creditor's action was filed outside the one-year limitations period imposed by 11 U.S.C. § 727(e)(1), and 2) revocation was precluded under 11 U.S.C. § 727(d)(1) because creditor knew of debtors' alleged fraud prior to discharge. Rec. vol. II, doc. 2.

Without conducting an evidentiary hearing, the bankruptcy court determined that creditor knew or should have known of debtors' alleged fraud prior to discharge. Rec. vol. II, doc. 6 at 4. Because creditor failed to object to discharge on the basis of the debtors' fraud, the court held that the doctrine of laches barred it from seeking revocation pursuant to § 727(d)(1). The bankruptcy court held that creditor's complaint also failed to state a cause of action under § 727(d)(2) because it did not allege that debtor acquired the stock during the pendency of the bankruptcy proceeding.[1]

The bankruptcy court then granted debtors' motion to dismiss, found that creditor brought its action for an improper purpose and awarded attorney's fees to debtors. Rec. vol. II, doc. 7. In a subsequent order denying creditor's motion to alter or amend the judgment, the bankruptcy court emphasized that "[t]he Bank's complaint brought pursuant to § 727(d)(1) and (2) was dismissed for failure to state a claim upon which relief could be granted." Rec. vol. II, doc. 10 at 1.

Creditor appealed the bankruptcy court's order to the district court. The district court found "ample support for the bankruptcy court's factual findings and legal conclusion" that creditor's action was barred by laches because creditor knew of debtors' fraud prior to discharge. Rec. vol. I, doc. 6 at 5. The court also agreed that creditor's action was brought for an improper purpose and lacked any basis in fact or law. Consequently, the district court affirmed both the bankruptcy court's dismissal of creditor's action and its award of attorney's fees.

II.

A.

As a threshold matter, we must determine the posture of this case on appeal. One reading of the bankruptcy court's order suggests that the court in reality granted debtors summary judgment pursuant to Fed.R.Bankr.P. 7056 on the basis of information contained outside the pleadings. However, on three occasions, the bankruptcy court stated that creditor's action was being dismissed, thus suggesting that the court acted pursuant to Fed.R.Bankr.P. 7012(b). *See* rec. vol. II, docs. 6, 7 & 10. Moreover, the record does not indicate that creditor received any notice that the court was converting debtors' motion to dismiss into one for summary judgment. Therefore, bereft of any help from the pleadings or the litigants,[2] we review the bankruptcy

---

**1.** Creditor does not appeal the bankruptcy court's dismissal of that portion of its action brought under 11 U.S.C. § 727(d)(2).

**2.** At oral argument, neither counsel could elucidate for the court whether the bankruptcy court dismissed creditor's action for failure to state a claim or granted summary judgment to debtors.

court's action as an order of dismissal for failure to state a claim as noted in its order. *See* rec. vol. II, doc. 10 at 1.

 "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980). In adjudicating a motion to dismiss pursuant to Fed.R.Bankr.P. 7012(b), which incorporates Fed.R.Civ.P. 12(b)(6), a bankruptcy court must assume all facts alleged in the complaint to be true. *In re Garafano*, 99 B.R. 624 (Bankr.E.D. Pa.1989). Under this standard, dismissal is inappropriate unless plaintiff can prove no set of facts which would entitle him to relief. *In re Kelpe*, 98 B.R. 479, 480 (Bankr.W.D.Mo.1989); *In re Smurzynski*, 72 B.R. 368, 370 (Bankr.N.D.Ill.1987). Disposition under Fed.R.Bankr.P. 7012(b) also is inappropriate when the bankruptcy court examines matters outside the pleadings; rather, the court must proceed under Fed. R.Bankr.P. 7056 which incorporates the summary judgment standard of Fed.R. Civ.P. 56(b). *In re Amatex Corp.*, 97 B.R. 220, 223 (Bankr.E.D.Pa.1989), *aff'd*, 102 B.R. 411 (E.D.Pa.1989), *aff'd*, 908 F.2d 961 (2d Cir.1990). However, in such cases, the court " 'should give the parties notice of the changed status of the motion and thereby provide the parties to the proceedings the opportunity to present to the court all material made pertinent to such motion by Rule 56.' " *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir.1986) (quoting *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir.1978)).

 In the instant case, creditor sought revocation of debtors' discharge pursuant to § 727(d) which provides in pertinent part:

On request of the trustee, a creditor, or the United States trustee, and after notice and hearing, the court shall revoke a discharge ... if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee....

11 U.S.C. § 727(d) (West Supp.1990). To revoke a discharge under § 727(d), the debtor must have committed a fraud in fact which would have barred the discharge had the fraud been known. *In re Peli*, 31 B.R. 952, 955 (Bankr.E.D.N.Y.1983); *see* 4 L.King, (ed.) *Collier on Bankruptcy* § 727.15 (1990); *see, e.g., In re Burke*, 99 B.R. 431, 433–34 (Bankr.W.D.Mo.1989) (trustee awarded monies concealed by debtor when discharge obtained through fraud); *see generally Ginsberg v. Thomas*, 170 F.2d 1, 4 (10th Cir.1948) (discussing revocation of discharge under old Bankruptcy Act). Such fraud must be discovered after discharge to effectuate revocation under § 727(d). *In re Dietz*, 914 F.2d 161, 163 (9th Cir.1990).

 As a general rule, to obtain relief under § 727(d)(1), it is insufficient that a debtor's fraud rendered a particular debt nondischargeable; claimant must allege that the entire discharge would not have been granted but for debtor's fraud. *In re Jones*, 71 B.R. 682, 684 (S.D.Ill.1987); *In re Shelton*, 58 B.R. 746, 748 (Bankr.N.D.Ill. 1986). Moreover, Fed.R.Bankr.P. 7009, which incorporates Fed.R.Civ.P. 9(b)(1), requires that a complaint brought under § 727(d) set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof. *See Jones*, 71 B.R. at 683; *In re Hollis & Co.*, 86 B.R. 152, 156 (Bankr.E.D.Ark.1988); *In re Baker*, 66 B.R. 652, 653 (Bankr.D.Nev.1986).

 Here, a fair reading of creditor's complaint reveals that creditor alleged: 1) that debtors' discharge was obtained

through fraud, 2) such fraud consisted of the failure to disclose ownership of stock in E–4 Excavating, 3) this interest was substantial, and 4) creditor did not learn of such fraud until after debtors' discharge. In adjudicating debtors' motion to dismiss pursuant to Fed.R.Bankr.P. 7012(b), the bankruptcy court was obliged to accept as true all the allegations in creditor's complaint. Although a copy of E–4 Excavating, Inc.'s tax return was appended to debtors' motion to dismiss, nothing in the record indicates that the bankruptcy court notified creditor that it was converting debtors' motion to dismiss into one for summary judgment. Thus, in finding that creditor knew or should have known of debtors' fraud prior to discharge on the basis of the tax returns of E–4 Excavating, the court improperly considered matters outside the pleadings in this particular case. *See Nichols,* 796 F.2d at 364.

■ Creditor's complaint stated all of the elements of a cause of action for revocation of discharge under § 727(d)(1) and satisfied the particularity requirement of Fed.R.Bankr.P. 7009. *See In re Peli,* 31 B.R. 952, 954–55 (Bankr.E.D.N.Y.1983). We express no opinion on whether, after further proceedings, creditor's action should be barred by either laches or the statute of limitations.[3] Rather, we hold only that creditor's complaint stated a colorable claim for relief barring dismissal under Fed.R.Bankr.P. 7012(b).

### B.

■ We now turn to the district court's affirmance of the bankruptcy court's award of attorney's fees pursuant to Fed.R.Bankr.P. 9011 which incorporates Fed.R.Civ.P. 11. The legal and factual determinations underlying a court's imposition of Rule 11 sanctions are reviewed for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990).

Here, however, not only was fee award of attorney's fees unjustified, it was based on an erroneous interpretation of the law, *i.e.,* that dismissal was warranted under Fed.R. Bankr.P. 7012(b).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not imposed for any improper purpose.' " *Cooter & Gell* 110 S.Ct. at 2454 (quoting Fed.R. Civ.P. 11).

> Part of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case. (citations omitted). An attorney need not forbear to file her action if she has a colorable argument as to why an otherwise applicable affirmative defense is inapplicable in a given situation. For instance, an otherwise time-barred claim may be filed, with no mention of the statute of limitations if the attorney has a nonfrivolous argument that the limitation was tolled for part of the period. The attorney's argument must be nonfrivolous, however; she runs the risk of sanctions if her only response to an affirmative defense is unreasonable.

*White v. General Motors Corp.,* 908 F.2d 675, 682 (10th Cir.1990) (citations omitted).

■ In awarding sanctions under Fed. R.Bankr.P. 9011, the bankruptcy court held that because creditor had a duty to determine debtors' financial situation based upon the information available at the time of discharge, its revocation action constituted an improper attempt to collect a discharged debt. However, in its pleadings before the bankruptcy court, creditor advanced a colorable argument why the affirmative defense of laches and the one-year statute of limitations should not bar its revocation. *See* rec. vol. II, docs. 4 & 8. Creditor contended that, because it lacked

---

**3.** In dismissing creditor's complaint, the bankruptcy court explicitly declined to address debtors' contention that creditor's action was time-barred under 11 U.S.C. § 727(e). *See* rec. vol. II, doc. 10 at 1–2. Nevertheless, debtors argue on appeal that creditor's action is untimely and have moved to supplement the record with supporting documentation. Because no court below has ruled on debtors' limitation argument, we decline to reach the issue for the first time on appeal and deny debtors' motion to supplement the record.

**182**

actual knowledge of debtors' alleged fraud, imposition of laches was improper. Creditor also argued that debtors engaged in fraudulent settlement negotiations warranting the invocation of the court's equitable power to toll the statute of limitations. After further proceedings, the court may deem creditor's arguments to be unpersuasive, although we express no opinion here. Thus, because creditor advanced "a colorable argument as to why an otherwise applicable affirmative defense is inapplicable," *White*, 908 F.2d at 682, the bankruptcy court abused its discretion in determining that creditor's action was filed for an improper purpose and assessing sanctions pursuant to Fed.R.Bankr.P. 9011.

The judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion. The debtors' motion to supplement the record is DENIED.