In re John M. LOKAY, Debtor.

Vincent M. Nese and Patricia J. Nese, Movants,

v.

John M. Lokay, Respondent.

Bankruptcy No. 01–20952–BM.

Motion No. 01–4783M.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 7, 2001.

David F. Alpern, Alpern & Alpern, Pittsburgh, PA, for Movants.

K. Lawrence Kemp, New Kensington, PA, for Debtor/Respondent.

Stanley G. Makoroff, Bluming & Gefsky, Pittsburgh, PA.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Two matters are before the court at this time.

Debtor John M. Lokay has brought a motion in accordance with § 522(f)(1)(A) of the Bankruptcy Code to avoid a judgment lien in favor of Vincent and Patricia Nese in the amount of $17,174.00. Debtor maintains that he is entitled to avoid the lien in its entirety because the lien impairs an exemption he has asserted in certain real property.

Vincent and Patricia Nese in turn have brought a "motion for reconsideration" wherein they seek an extension of the deadlines for objecting to the exemption debtor has taken in the above real property and for objecting to debtor's discharge.

They also seek revocation of the July 27, 2001, order granting debtor a discharge of all his pre-petition debts.

Debtor's motion will be granted in part and denied in part. The judicial lien in favor of the Neses will be avoided in the amount of $7,519.81. The remaining $9,654.19 of the lien is not avoidable.

The motion for reconsideration brought by the Neses will be denied in its entirety.

— FACTS —

Debtor filed a voluntary chapter 7 petition on February 2, 2001.

A house and lot located at 730 Broadway Street, McKeesport, Pennsylvania was listed on Schedule A, Real Property. Debtor is the sole owner of the property, which evidently is not his personal residence. The cover sheet to his bankruptcy petition lists debtor's residence at the time of the filing as 320 Fort Duquesne Boulevard, Pittsburgh, Pennsylvania.

On Schedule C, Property Claimed As Exempt, debtor took an exemption in the amount of $7,867.00 in the above real property in accordance with § 522(d)(5) of the Bankruptcy Code, the so-called "wild card" exemption provision.

Schedule D, Creditors Holding Secured Claims, identifies National City Bank as having an undisputed first mortgage and HFC as having an undisputed second mortgage against the above property. The total amount of these mortgages is $149,978.81. Vincent and Patricia Nese are identified as having an undisputed judgment lien in the amount of $17,174.00.

A notice was issued by the court on February 22, 2001, setting the § 341 meeting of creditors for March 14, 2001. The deadline for objecting to debtor's exemptions was set for thirty days after the conclusion of the § 341 meeting. The deadline for objecting to debtor's discharge was May 14, 2001, exactly sixty days after the first date set for the § 341 meeting.

The § 341 meeting of creditors was not held on March 14, 2001, because neither debtor nor his counsel appeared at the meeting. Shortly thereafter the meeting of creditors was rescheduled for May 16, 2001.

The § 341 meeting finally was held on May 16, 2001, but was "continued" by the chapter 7 trustee to allow debtor time to provide an operating statement for his business.

The chapter 7 trustee reported on June 13, 2001, that this was a no-asset case.

On June 15, 2001, debtor brought a motion in accordance with § 522(f)(1)(A) of the Bankruptcy Code to avoid the above judicial lien in favor of the Neses because it impaired the exemption he had taken in the above real property.

On July 18, 2001, more than two months after the § 341 meeting had taken place, the chapter 7 trustee reported that the meeting was "now closed" because debtor had furnished the additional information the chapter 7 trustee requested.

Soon thereafter, on July 27, 2001, an order issued granting debtor a general discharge.

Exactly thirty days after the chapter 7 trustee had reported that the § 341(a) meeting was "now closed", Vincent and Patricia Nese brought a motion on August 17, 2001, asking the court to "reconsider the time" for objecting to debtor's claimed exemptions and for objecting to debtor's discharge and requesting revocation of the order of July 27, 2001, granting debtor a general discharge.

An evidentiary hearing on debtor's motion to avoid the judicial lien in favor of the Neses and on the Neses' "motion for re-

consideration" was held on September 24, 2001, at which time both sides were given an opportunity to present evidence on the issues raised by their respective motions.

## DISCUSSION

### — I —

### *Motion To Avoid Judicial Lien*

■ Subsection 522(f)(1)(A) of the Bankruptcy Code provides in relevant part as follows:

(f)(1) ... [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -

(A) a judicial lien . . . .

11 U.S.C. § 522(f)(1)(A).

Congress amended § 522(f) in 1994 by providing the following formula for determining whether a judicial lien impairs an exemption a debtor has taken. A judicial lien impairs an exemption for purposes of § 522(f)(1)(A):

... to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

It is undisputed that the amount of the judicial lien in favor of the Neses totals $17,174.00; that the first and second mortgages in favor of National City Bank and HFC, respectively, total $149,978.81; and that the amount of the exemption debtor could take in the property in the absence of any liens is $7,867.00. These amounts total $175,019.82.

Debtor and the Neses disagreed at the evidentiary hearing concerning the unencumbered value of debtor's interest in the real property subject to the judicial lien in favor of the Neses. Debtor offered testimony by a certified real estate appraiser that the value of the property was $167,500.00. Vincent Nese, whose skills as a real estate appraiser are at best unknown, testified that its value was at least $200,000.00.

After reviewing the testimony of these witnesses, we conclude that the testimony of debtor's witness concerning the fair market value of the property was more credible than was the testimony of Vincent Nese. We so conclude because debtor's witness is a certified real estate appraiser whereas Vincent Nese, who was not a disinterested witness, is not so certified. Also, debtor's witness relied upon comparable sales whereas Vincent Nese did not. In our estimation, the comparable sales approach provides the most reliable indicator of the value of the property.

Applying the formula set forth at § 522(f)(2)(A) to the above, we conclude that the judicial lien in favor of the Neses impairs the exemption debtor has taken in the real property subject to the Neses' judicial lien because the total of the judicial lien ($17,174.00), all other liens against the property ($149,978.81) and the exemption debtor has taken in the property ($7,867.00) comes to $175,019.81, which exceeds the value of debtor's interest in the above property in the absence of any liens against it ($167,500.00) by $7,519.81 ($175,019.81 − $167,500.00 = $7,519.81).

This last conclusion is not the end of our analysis. The **extent** to which debtor can avoid the judicial lien—i.e., whether it may

be avoided in its entirety or only in part—remains to be determined.

The seemingly straightforward formula found at § 522(f)(2)(A) for determining whether impairment of an exemption has occurred took effect on October 22, 1994. Less than one month prior to this effective date, the Third Circuit held that a debtor having equity in real property after taking into account the total of all consensual—i.e., **non**-judicial—liens against the property and the amount of the exemption taken may only **partially** avoid a judicial lien against the property to the extent that the judicial lien impairs the debtor's exemption. The remainder of the judicial lien does not impair the taking of the exemption and therefore is not avoidable in accordance with § 522(f)(1). *Menell v. First National Bank of Boston (In re Menell)*, 37 F.3d 113 (3d Cir.1994).

There is "excess equity" in the above real property above and beyond the two consensual mortgage liens against it and the amount of the exemption in it debtor has taken. His interest in the property in the absence of the two mortgages encumbering it is $167,500 while the sum of the two mortgage liens ($149,978.81) and the amount of debtor's exemption ($7,867.00) is $157,845.81. · The amount of this "excess equity" is $9,654.19 ($167,500.00 − $157,845.81 = $9,654.19).

The Third Circuit has not decided whether § 522(f)(2)(A), as enacted in 1994, now permits a debtor to avoid a judicial lien in its entirety when the debtor has equity in the property above and beyond the total of the consensual liens against it and the amount of the exemption taken and the judicial lien impairs the exemption debtor has taken therein.

The First Circuit has, however, held that under such circumstances a debtor still may not avoid a judicial lien under § 522(f)(1) to the extent that the judicial lien merely "consumes" the "excess equity" in the property. Only the portion of the judicial lien above and beyond this consumed excess equity impairs debtor's exemption and therefore is avoidable. *East Cambridge Savings Bank v. Silveira (In re Silveira)*, 141 F.3d 34 (1st Cir.1998). Other courts also have arrived at this conclusion. *See, e.g., Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662 (6th Cir.BAP1998); *Corson v. Fidelity and Guaranty Insurance Company (In re Corson)*, 206 B.R. 17 (Bankr.D.Conn.1997); *In re Todd*, 194 B.R. 893 (Bkrtcy.D.Mont.1996).

We find *Silveira* well-reasoned and persuasive and therefore adopt it here. Because there is "excess equity" in the above real property beyond the total amount of the consensual liens encumbering it and debtor's exemption in the property, debtor in this case may only **partially** avoid the judicial lien of the Neses. He may not avoid as much of the judicial lien as "consumes" this "excess equity", but only the remainder of the judicial lien.

We previously determined that the amount of available "excess equity" with respect to the above property is $9,654.19. It therefore follows from the above that this much of the judicial lien in the amount of $17,174.00 is **not avoidable** because it does not impair the exemption debtor has taken in the property. Only the remaining $7,519.81 ($17,174.00 − $9,654.19 = $7,519.81) is avoidable in accordance with §§ 522(f)(1)(a) and (f)(2)(A).

— **II** —

### *Motion For Reconsideration*

The Neses ask that we "reconsider the time" for objecting to debtor's discharge and for objecting to exemptions he has taken.

We previously noted that, on February 22, 2001, a notice was issued setting the § 341 meeting for March 14, 2001. The deadline for objecting to debtor's claimed exemptions was set for thirty days after the conclusion of the § 341 meeting. The original deadline for objecting to debtor's discharge was May 14, 2001.

Because neither debtor nor his bankruptcy counsel appeared, the § 341 meeting was not held on March 14, 2001. Shortly thereafter, the § 341 meeting was rescheduled for May 16, 2001. While the § 341 meeting finally was held on May 16, 2001, it was "continued" by the chapter 7 trustee to allow debtor time to provide an operating statement for his business. On July 18, 2001, more than two months after the § 341 meeting finally took place, the chapter 7 trustee reported that the meeting was "now closed" because debtor had furnished the additional information the chapter 7 trustee had requested.

Shortly thereafter, on July 27, 2001, an order issued granting debtor a general discharge of all his pre-petition debts.

Exactly thirty days after the chapter 7 trustee had reported that debtor's case was "now closed", Vincent and Patricia Nese brought a motion on August 17, 2001, asking us to "reconsider the time" for objecting to debtor's discharge and for objecting to debtor's exemptions. We construe these requests as asking for an extension of the deadline for objecting to debtor's discharge and the deadline for objecting to debtor's claimed exemption. The Neses also asked us to "reconsider the discharge of the Debtor from Bankruptcy". We construe this portion of their motion as seeking revocation of debtor's discharge.

## A) Request For Extension Of Deadlines.

■ Once the § 341 meeting has concluded, a party in interest has thirty days from that date to object to debtor's exemptions. Federal Rule of Bankruptcy Procedure 4003(b). The court may, for cause shown, extend the deadline for filing such an objection, but only if the request for such an extension is filed before the time to object has expired. *Id.*

■ A complaint objecting to discharge in a chapter 7 case must be filed no later than sixty days after the first date set for the § 341 meeting. Federal Rule of Bankruptcy Procedure 4004(a). On motion of a party in interest, the court may, for cause shown, extend the deadline for objecting to a debtor's discharge. The motion for such an extension, however, must be filed before the initial deadline for objecting to discharge has expired. Federal Rule of Bankruptcy Procedure 4004(b).

We may enlarge the time for taking action under Rule 4003(b) and 4004(a), but only to the extent and under the conditions stated in these rules. Federal Rule of Bankruptcy Procedure 9006(b)(3).

■ The request for an enlargement of time for objecting to debtor's discharge must be denied because the Neses did not file their request for such an extension within sixty days of March 14, 2001, the first date set for the § 341 meeting. Their request for such an extension was not filed until July 18, 2001, one hundred and twenty days after the first date set for the § 341 meeting. We have no latitude in this regard in light of the rationale set forth in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Moreover, we would deny the request for an enlargement of the time for objecting to debtor's discharge even if we had such latitude because movants have not shown any cause, as they must, for such an enlargement.

■ We also must deny the request for an extension of time for objecting to debtor's claimed exemptions. If the chapter 7 trustee's arguably tardy report on July 18, 2001, that the § 341 meeting was "now closed" establishes when the § 341 meeting concluded, the request for an extension of the time for objecting to debtor's exemptions was at least timely because it was filed on the thirtieth day after the conclusion of the § 341 meeting. Movants did not, however, provide any cause whatsoever for granting such an extension, as they are required to do by Rule 4004(b).

## B) Motion For Revocation Of Discharge.

As was noted previously, we construe the request for reconsideration of debtor's discharge as a request for revocation of debtor's discharge pursuant to § 727(d) of the Bankruptcy Code [1], which provides in part as follows:

> (d) On request of . . . a creditor . . . , the court shall revoke a discharge under subsection (a) of this section if -

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .

11 U.S.C. § 522(d)(1).

The request for revocation of debtor's discharge fails for numerous reasons.

■ To begin with, a proceeding to revoke a discharge must be brought as an adversary action. Federal Rule of Bankruptcy Procedure 7001(4). Instead of filing a complaint to revoke debtor's discharge, the Neses have treated the proceeding as though it were a contested matter amenable to resolution as a motion.

Even if we overlook this defect, we conclude that the request for revocation of debtor's discharge also must be denied on the merits.

■ The purpose of a discharge is to relieve an unfortunate but honest debtor from his financial burdens and to facilitate his unencumbered "fresh start". *In re Pelkowski*, 990 F.2d 737, 744 (3d Cir.1993).

■ Revocation of a discharge is an extraordinary remedy which is available only in limited circumstances. Section 727(d) must be construed liberally in favor of the debtor and against the party seeking revocation. *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986).

■ The burden of proving all requirements for revocation of discharge lies with the party seeking revocation. *Johnson v. Chester Housing Authority (In re Johnson)*, 250 B.R. 521, 527 (Bankr. E.D.Pa.2000). This they must do by a preponderance of the evidence. *Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (9th Cir. BAP 1994).

■ The party seeking revocation must prove two things. First, they must prove that debtor committed a fraud in fact in procuring a discharge, which fraud would have prevented debtor from receiving a discharge had it been known prior to the discharge. *Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir.1991). Also, the party seeking revocation must have discovered the fraud only after the discharge was granted. *Id.*

---

**1.** It is possible that movants seek relief from the order granting debtor a discharge in accordance with Federal Rule of Civil Procedure 60(b)(3), which applies to bankruptcy cases by virtue of Federal Rule of Bankruptcy Procedure 9024. The outcome is the same as it is if the request is brought under § 727(d)(1). Movants have not shown that debtor procured his discharge by perpetrating a fraud on the court.

Our review of the testimony offered at the evidentiary hearing leads us to conclude that the Neses have failed to prove that debtor obtained a discharge by committing a fraud in fact upon the court. There was testimony vaguely suggesting that debtor's schedules were not entirely accurate. Assuming that this is correct, there was no showing that debtor would not have received a discharge had the alleged deficiencies and inaccuracies come to the court's attention prior to issuance of the order on July 18, 2001, granting debtor a discharge.

In addition, the Neses did not offer anything to establish that they did not and could not have been expected to know of these deficiencies and inaccuracies prior to July 18, 2001.

In light of the foregoing, we conclude that the motion for reconsideration by Vincent and Patricia Nese must be denied.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this *7th* day of *November,* 2001, for reasons stated in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that:

(1) the motion of debtor John M. Lokay to avoid the judicial lien in the amount of $17,174.00 in favor of Vincent and Patricia Nese is **GRANTED IN PART** and **DENIED IN PART.** Said judicial lien is **AVOIDED** in the amount of $7,519.81. The remainder of the judicial lien in the amount of $9,654.19 is **NOT AVOIDED;** and

(2) the motion for reconsideration brought by Vincent and Patricia Nese is **DENIED.**

It is **SO ORDERED.**